1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THE NAUTILUS GROUP, INC.,

Plaintiff,

v.

ICON HEALTH & FITNESS, INC.,

Defendant.

CASE NO.  C02-2420RSM

MEMORANDUM ORDER
GRANTING SUMMARY
JUDGMENT

## I.  INTRODUCTION

This matter comes before the Court on defendant's Motion for Partial Summary Judgment that the CrossBar Product Does Not Infringe Claim 12 of the '057 Patent or Any Asserted Claims Depending Therefrom.  (Dkt. #415).  Defendant argues that the CrossBar does not literally infringe, or infringe under the doctrine of equivalents, on claim 12 of the '057 patent because the Court construed the term "selectively connect" to mean "joining or fastening any one rod or any group of adjacent rods from a group of rods and connect such rod or rods to the cable," and the CrossBar does not allow such selection.  (Dkt. #415 at 7-8).  Specifically, defendant notes that the CrossBar rod 44 is always connected to the U-channel, and therefore, it is not possible to select "any one" rod, or "any group" of rods.  The user must *always* select rod 44 and must *always* include rod 44 in a group of rods.  (Dkt. #415 at 8).

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
PAGE - 1

1    Defendant further argues that plaintiff cannot assert an argument of infringement under
2    the doctrine of equivalents because of the U.S. Supreme Court's pronouncements on the
3    doctrine of vitiation.  (Dkt. #415 at 8).  Specifically, defendant notes that under the doctrine of
4    vitiation, the doctrine of equivalents cannot be used to argue infringement if application of the
5    doctrine of equivalents would effectively read a claim limitation out of a claim or render it
6    meaningless.  Defendant asserts that any attempt to use the doctrine of equivalents to read claim
7    12 on the CrossBar would render the term "selectively" meaningless, effectively reading it out of
8    the claim altogether.  (Dkt. #415 at 8-13).

9    Plaintiff responds that defendant's motion should be denied for three primary reasons.
10   First, plaintiff argues that the CrossBar does meet the disputed element in claim 12.  Specifically,
11   plaintiff argues that under a plain reading of the claim, wherein the term "any" has its ordinary
12   and primary definition of "one or some," the CrossBar meets the element of "connecting the
13   cable selectively to one or more of the rods."  (Dkt. #431 at 1-2).

14   Plaintiff next argues that defendant's motion must fail because its interpretation of the
15   Court's claim construction would result in the preferred embodiment disclosed in the '057
16   patent falling outside the scope of the claim, in violation of a basic tenet of patent law.  (Dkt.
17   #431 at 2).

18   Finally, plaintiff asserts that even if defendant's interpretation of the Court's claim
19   construction were correct, a factual issue exists as to whether the CrossBar product meets the
20   claim element.  In particular, plaintiff states that there is a dispute as to whether the rod to which
21   the cable in the CrossBar is permanently connected acts as a rod in the same sense in which the
22   term "resilient rod" is used in the '057 patent.  (Dkt. #431 at 2).

23   For the reasons set forth below, the Court disagrees with plaintiff and GRANTS
24   defendant's motion for summary judgment.

25

26

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
PAGE - 2

## II.  DISCUSSION

### A.  Background

The instant lawsuit has been pending in this Court since December of 2002.  The claims involve alleged infringement of the patents for the BowFlex™ exercise machine.  The BowFlex machine employs cables attached to one end of a flexible rod or rods as a resistence mechanism, self-contained in a compact home exercise machine.  The rods are mounted vertically, with one end fixed to a base, and the other end either free or attached to a cable.  In 1984, the inventor applied for a patent on the machine, and the United States Patent and Trademark Office ("PTO") subsequently issued two patents, U.S. Patent No. 4,620,704 and U.S. Patent No. 4,725,057.  These patents will be referred to as the '704 and '057 patents.  Between 1986 and 2002, sales from the BowFlex machine generated revenues of nearly one billion dollars.

In October of 2002, defendant introduced the CrossBow™ (now CrossBar™) exercise machine.  The machine uses a similar cable and flexible rod system of resistence.  However, unlike the BowFlex, the CrossBar has rods which are mounted horizontally on the middle of the machine's main structure, with cables attaching at both ends of the rod or rods.  As of this date, profits from the sale of CrossBar machines exceed $84 million.

On December 3, 2002, plaintiff filed the instant action alleging patent infringement by defendant.  Plaintiff then filed a motion for preliminary injunction to stop the sale of the CrossBar machine.  Judge Pechman, the judge to whom this case was formerly assigned, addressed the motion, along with cross-motions for summary judgment filed by plaintiff and defendant.  The motions focused primarily on a term contained in the '057 patent, "mounted on the base in cantilevered fashion."  In ruling on the motions, Judge Pechman construed the term, and adopted defendant's proposed narrow construction.  On that basis, Judge Pechman granted summary judgment of no infringement to defendant, and denied plaintiff's motion for a preliminary injunction.  Plaintiff immediately appealed Judge Pechman's decisions to the Federal

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
PAGE - 3

1    Circuit Court of Appeals.

2         On November 18, 2003, the Federal Circuit issued its decision, reversing Judge

3    Pechman's rulings, and offering its opinion on the term "in cantilevered fashion with one end of

4    each of the rods being free." (Dkt. #243, Ex. 1).  The Federal Circuit concluded that this Court

5    had erred in construing the term, and remanded the case.  Defendant then filed petitions for

6    rehearing and rehearing *en banc*, both of which were denied by the Federal Circuit.  After the

7    Federal Circuit Court of Appeals issued its mandate, Judge Pechman vacated her prior orders.

8    The case was subsequently transferred to the undersigned District Judge.

9         The parties then asked this Court to construe several claim terms contained in both the

10   '057 and the '704 patents.  The terms essentially fell into two groups.  The first group of claim

11   terms related to the way the flexible rods are mounted on the machine.  The second group of

12   claim terms related to how the cable is connected to the rods and other structures, and how that

13   cable is routed through the machine to allow the user to exercise.  The Court construed those

14   terms, and issued its Order regarding claim construction on February 16, 2005.  (Dkt. #395).

15   Pertinent to the instant motion is how this Court construed the term "means for connecting the

16   cable selectively to one or more rods," which is found in claim 12 of the '057 patent.  This Court

17   agreed with defendant that the term "connecting . . . selectively" means "joining or fastening any

18   one rod or any group of adjacent rods from a group of rods and connect such rod or rods to the

19   cable." (Dkt. #395 at 15).  Defendant's motions for partial summary judgment followed.

       **B. Summary Judgment Standard**

20

21        Summary judgment is proper where "the pleadings, depositions, answers to

22   interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

23   genuine issue as to any material fact and that the moving party is entitled to judgment as a

24   matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247

25   (1986).  The Court must draw all reasonable inferences in favor of the non-moving party.  *See*

26

     ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
     PAGE - 4

*F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994).  The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial.  *See Anderson*, 477 U.S. at 257.  Mere disagreement, or the bald assertion that a genuine issue of material fact exists, no longer precludes the use of summary judgment.  *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party."  *Anderson,* 477 U.S. at 248.  Material facts are those which might affect the outcome of the suit under governing law.  *See id.*  In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial."  *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F.2d at 747).

### C.  Applicable Law for Infringement

As this Court has noted before, determining patent infringement is a two-stage process. First the Court must construe the claims at issue.  Claim construction is a pure question of law for the Court, even if the case is designated to go to a jury trial.  *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995).  After the claims have been properly construed, the fact-finder will compare the claims to the allegedly infringing product or process.  The comparison is conducted on an element-by-element basis.

There are two basic principles of infringement: literal infringement or infringement under the doctrine of equivalents.  To constitute literal infringement, every element of a given claim must be present in, or "read on," the accused product.  *Baxter Healthcare Corp. v. Spectramed, Inc.*, 49 F.3d 1575, 1583 (Fed. Cir. 1995).  The doctrine of equivalents holds that, for every claim element not literally present, the accused product must contain an equivalent element. *Warner-Jenkinson Co. v. Hilton Davis Chemical Co.*, 520 U.S. 17 (1997).  Equivalence may be

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
PAGE - 5

1  found where the relevant part of the accused product performs the same function in the same

2  way to achieve the same result as the corresponding element in the patent claim.  Alternatively,

3  equivalence may also be found where the differences between the relevant part of the accused

4  product and the corresponding element in the patent claim are insubstantial.  However, if even

5  one limitation of a claim is not met by an accused device, either literally or by equivalents, there

6  is no infringement as a matter of law.  *Lockheed Martin Corp. v. Space Systems/Loral, Inc.*, 324

7  F.3d 1308, 1321 (Fed. Cir. 2003).

8          In a typical patent case, whether an accused device satisfies the requirements of a claim

9  is a question of fact.  *Ethicon Endo-Surgery, Inc. v. United States Surgical Corp.*, 149 F.3d

10  1309, 1315 (Fed. Cir. 1998).  However, when there is no genuine issue as to the structure or

11  composition of the accused device, the question of infringement becomes a question of law for

12  the Court to decide.  *Athletic Alternatives, Inc. v. Prince Mfg., Inc.*, 73 F.3d 1573, 1578 (Fed.

13  Cir. 1996).  Defendant asserts that this is such a case, and the Court agrees.

14          **D.  The CrossBar and "Connecting . . . Selectively"**

15          Defendant first argues that the CrossBar is incapable of performing the function of

16  "joining or fastening any one rod or any group of adjacent rods from a group of rods" because

17  the CrossBar rod 44 is permanently attached to the machine's U-channel.  (Dkt. #415 at 7).

18  Thus, none of the rods can be selected independently of rod 44, which makes it impossible for

19  the user to choose *any* one rod.  Similarly, a user cannot connect the cable to *any group of*

20  *adjacent rods* of his or her choice, because rod 44 must always be included in the group.

21          Plaintiff responds that under a plain reading of the claim, wherein the term "any" has its

22  ordinary and primary definition of "one or some," the CrossBar meets the element of

23  "connecting the cable selectively to one or more of the rods."  (Dkt. #431 at 4-13).  However,

24  the Court notes that this is precisely the argument presented in plaintiff's briefing on the claim

25  construction issues, which was expressly rejected by the Court.  (Dkt. #395 at 14-15).

26

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
PAGE - 6

1       In examining plaintiff's claim construction argument, the Court recognized its assertion

2 that the term "selectively to one or more of the rods" does not mean that a user may select

3 among any single rod from a plurality of rods, but rather that the user may select between using

4 only one rod or increasing the resistance by using more than one rod.  However, the Court

5 found that proposed construction to be erroneous, recognizing that by adding the term

6 "selectively," the inventor intended that the user could select from any single rod from a group

7 of rods, as well as being able to select multiple rods.  (*See* Dkt. #395 at 14-15).  Thus, under

8 that analysis, the Court agrees with defendant that a user of a CrossBar machine cannot select

9 *any* one rod or *any group* of rods because rod 44 must always be selected, as it is permanently

10 attached the U-channel.  Accordingly, the Court finds that the CrossBar does not literally

11 infringe on claim 12 because it does not meet the "selectively connecting" limitation set forth in

12 that claim.

13     **E.  Equivalency**

14       Defendant next asserts that plaintiff may not argue that the CrossBar satisfies the claim

15 12 limitation under the doctrine of equivalents because of the U.S. Supreme Court's

16 pronouncements on the doctrine of vitiation.  (Dkt. #415 at 8).  Specifically, defendant notes

17 that under the doctrine of vitiation, the doctrine of equivalents cannot be used to argue

18 infringement if application of the doctrine of equivalents would effectively read a claim limitation

19 out of a claim or render it meaningless.  Defendant asserts that any attempt to use the doctrine

20 of equivalents to read claim 12 on the CrossBar would render the term "selectively"

21 meaningless, effectively reading it out of the claim altogether.  (Dkt. #415 at 8-13).  Plaintiff

22 simply responds by reiterating its argument about the term "selectively."  (Dkt. #431).

23       Vitiation is a question of law for the Court.  If the Court finds that a theory of

24 equivalents would vitiate a claim limitation, that completely precludes an assertion of

25 infringement under the doctrine of equivalents, regardless of arguments that two functions are

26

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
PAGE - 7

equivalent as a factual matter.  *Tronzo v. Biomet, Inc.*, 156 F.3d 1154, 1160 (Fed. Cir. 1998) (explaining that "[i]f a theory of equivalence would vitiate a claim limitation, . . . then there can be no infringement under the doctrine of equivalents as a matter of law.").

In the instant case, the Court agrees with defendant that an assertion that the CrossBar performs an "equivalent function" as the limitation set forth in claim 12 would effectively eliminate the word "selectively" in the claim.  (*See* Dkt. #415 at 11-13).  If the Court were to determine that the limitation could be read on the CrossBar because it allows for a connection of the cable to one or more rods, then there is no longer a distinction with the term connecting "selectively" to "any one" rod or "any group" of rods, as discussed above.  Thus, the Court agrees that under the doctrine of vitiation, plaintiff may not assert an equivalency argument with regard to the claim 12 limitation.

### F.  Genuine Issue of Material Fact

Finally, plaintiff asserts that even if defendant's positions are correct, summary judgment is not appropriate because there is a genuine issue of material fact as to whether rod 44 of the CrossBar is a "resilient rod" within the meaning of the '057 patent.  (Dkt. #431 at 15).  Specifically, plaintiff argues that rod 44 is not a resilient rod because its function is as a placeholder, and it is very lightweight and flexible, in contrast to the "resilient rods" which provide resistance to the user.  The Court finds this argument disingenuous.

Claim 12 requires that the rods be resilient, that they bend in a bowlike fashion, and that they produce a force which opposes the pull on the cable.  Rod 44 satisfies those criteria.  It bends in a bowlike fashion, it produces a force which opposes the pull on the cable, it is made by the same vendor that makes the other CrossBar rods, and is made from the same material and to the same general specifications as the other CrossBar rods.  Accordingly, the Court agrees with defendant that no genuine issue of material fact exists.

### G.  Motion to Strike

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
PAGE - 8

1    Within its reply brief, defendant has asked this Court to strike Mr. Rawls' expert

2 declaration in support of plaintiff's response to the motion for partial summary judgment.  The

3 Court does not rely on that declaration in this Order on summary judgment.  Accordingly, the

4 motion is denied as moot.

### III.  CONCLUSION

5

6    Defendant's Motion for Summary Judgment (Dkt. #415) is GRANTED, and the Court

7 finds that the CrossBar does not infringe on claim 12 of the '057 patent as a matter of law.

8    The Clerk shall forward a copy of this Memorandum Order to all counsel of record.

9    DATED this _10 day of May, 2005.

10

11    RICARDO S. MARTINEZ
      UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
PAGE - 9