UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE NAUTILUS GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> ICON HEALTH & FITNESS, INC., <br><br> Defendant. | CASE NO.  C02-2420RSM <br><br> MEMORANDUM ORDER GRANTING SUMMARY JUDGMENT |

## I. INTRODUCTION

This matter comes before the Court on defendant's Motion for Partial Summary Judgment of No Infringement by the Platinum Machine of the Asserted Claims of the '057 and '704 Patents.  (Dkt. #419).  Defendant argues that plaintiff, in its prehearing statement in July of 2004, has asserted that defendant's Platinum exercise machine infringes claims 12, 20-21 and 24-25 of the '704 patent, and claims 1-5 and 7 of the '057 patent.  However, defendant argues that plaintiff has produced no evidence in support of that assertion.  (Dkt. #419).  Defendant explains that the only testimony or evidence produced by plaintiff that pertains to infringement issues has come from its expert R. Lee Rawls, and that Mr. Rawls has never opined about infringement by the Platinum.  Accordingly, defendant argues that it is entitled to summary judgment as a matter of law.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
PAGE - 1

Defendant further argues that this Court's Order on claim construction compels a conclusion of noninfringement of the Platinum, mainly because the machine has only one resilient rod that does not have one end in a fixed position, as required by the '057 patent. Defendant also asserts that the Platinum machine does not infringe the '704 patent because it does not have a rod that extends vertically up, or that is attached in a cantilevered fashion.

Finally, defendant argues that plaintiff cannot assert an argument of infringement under the doctrine of equivalents because of the U.S. Supreme Court's pronouncements on the doctrine of vitiation. (Dkt. #415 at 8). Specifically, defendant notes that under the doctrine of vitiation, the doctrine of equivalents cannot be used to argue infringement if application of the doctrine of equivalents would effectively read a claim limitation out of a claim or render it meaningless. Defendant asserts that any attempt to use the doctrine of equivalents to read claim 1 of the '057 patent on the Platinum would render the terms "fixed end" and "free" meaningless, effectively reading it out of the claim altogether. Defendant also asserts that any attempt to use the doctrine of equivalents to read claim 12 of the '704 patent on the Platinum would render the term "vertically up" meaningless, effectively reading it out of the claim altogether.

Plaintiff responds that defendant's motion should be denied for several reasons. First, plaintiff argues that the Platinum meets the elements of claim 1 of the '057 patent under the doctrine of equivalents, in that the rod can bend in a bow-like fashion, and because that rod is mounted in a cantilevered fashion. (Dkt. #442 at 1-2).

Plaintiff next argues that defendant's motion must fail because the Platinum meets the elements of claim 12 of the '704 patent under the doctrine of equivalents, in that the machine includes a resilient rod that functions in the same way to achieve substantially the same result as one that is mounted with an end extended vertically up from a base in cantilevered fashion. (Dkt. #442 at 2-3).

Finally, plaintiff asserts that, should the Court disagree with plaintiff's arguments,

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
PAGE - 2

1  summary judgment is still improper because genuine issues of material fact exist as to whether
2  these elements are met in both claim 1 of the '057 patent and claim 12 of the '704 patent. (Dkt.
3  #442 at 3).
4      For the reasons set forth below, the Court disagrees with plaintiff and GRANTS
5  defendant's motion for summary judgment.

## II. DISCUSSION

### A. Background

The instant lawsuit has been pending in this Court since December of 2002. The claims involve alleged infringement of the patents for the BowFlex™ exercise machine. The BowFlex machine employs cables attached to one end of a flexible rod or rods as a resistance mechanism, self-contained in a compact home exercise machine. The rods are mounted vertically, with one end fixed to a base, and the other end either free or attached to a cable. In 1984, the inventor applied for a patent on the machine, and the United States Patent and Trademark Office ("PTO") subsequently issued two patents, U.S. Patent No. 4,620,704 and U.S. Patent No. 4,725,057. These patents will be referred to as the '704 and '057 patents. Between 1986 and 2002, sales from the BowFlex machine generated revenues of nearly one billion dollars.

In October of 2002, defendant introduced the CrossBow™ (now CrossBar™) exercise machine. The machine uses a similar cable and flexible rod system of resistance. However, unlike the BowFlex, the CrossBar has rods which are mounted horizontally on the middle of the machine's main structure, with cables attaching at both ends of the rod or rods. As of this date, profits from the sale of CrossBar machines exceed $84 million.

On December 3, 2002, plaintiff filed the instant action alleging patent infringement by defendant. Plaintiff then filed a motion for preliminary injunction to stop the sale of the CrossBar machine. Judge Pechman, the judge to whom this case was formerly assigned, addressed the motion, along with cross-motions for summary judgment filed by plaintiff and

defendant. The motions focused primarily on a term contained in the '057 patent, "mounted on the base in cantilevered fashion." In ruling on the motions, Judge Pechman construed the term, and adopted defendant's proposed narrow construction. On that basis, Judge Pechman granted summary judgment of no infringement to defendant, and denied plaintiff's motion for a preliminary injunction. Plaintiff immediately appealed Judge Pechman's decisions to the Federal Circuit Court of Appeals.

On November 18, 2003, the Federal Circuit issued its decision, reversing Judge Pechman's rulings, and offering its opinion on the term "in cantilevered fashion with one end of each of the rods being free." (Dkt. #243, Ex. 1). The Federal Circuit concluded that this Court had erred in construing the term, and remanded the case. Defendant then filed petitions for rehearing and rehearing *en banc*, both of which were denied by the Federal Circuit. After the Federal Circuit Court of Appeals issued its mandate, Judge Pechman vacated her prior orders. The case was subsequently transferred to the undersigned District Judge.

The parties then asked this Court to construe several claim terms contained in both the '057 and the '704 patents. The terms essentially fell into two groups. The first group of claim terms related to the way the flexible rods are mounted on the machine. The second group of claim terms related to how the cable is connected to the rods and other structures, and how that cable is routed through the machine to allow the user to exercise. The Court construed those terms, and issued its Order regarding claim construction on February 16, 2005. (Dkt. #395). Defendant subsequently filed several motions for partial summary judgment, including the instant motion.

**B. Summary Judgment Standard**

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 257. Mere disagreement, or the bald assertion that a genuine issue of material fact exists, no longer precludes the use of summary judgment. *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248. Material facts are those which might affect the outcome of the suit under governing law. *See id.* In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F.2d at 747).

**C. Applicable Law for Infringement**

As this Court has noted before, determining patent infringement is a two-stage process. First the Court must construe the claims at issue. Claim construction is a pure question of law for the Court, even if the case is designated to go to a jury trial. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995). After the claims have been properly construed, the fact-finder will compare the claims to the allegedly infringing product or process. The comparison is conducted on an element-by-element basis.

There are two basic principles of infringement: literal infringement or infringement under the doctrine of equivalents. To constitute literal infringement, every element of a given claim must be present in, or "read on," the accused product. *Baxter Healthcare Corp. v. Spectramed, Inc.*, 49 F.3d 1575, 1583 (Fed. Cir. 1995). The doctrine of equivalents holds that, for every

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
PAGE - 5

claim element not literally present, the accused product must contain an equivalent element. *Warner-Jenkinson Co. v. Hilton Davis Chemical Co.*, 520 U.S. 17 (1997). Equivalence may be found where the relevant part of the accused product performs the same function in the same way to achieve the same result as the corresponding element in the patent claim. Alternatively, equivalence may also be found where the differences between the relevant part of the accused product and the corresponding element in the patent claim are insubstantial. However, if even one limitation of a claim is not met by an accused device, either literally or by equivalents, there is no infringement as a matter of law. *Lockheed Martin Corp. v. Space Systems/Loral, Inc.*, 324 F.3d 1308, 1321 (Fed. Cir. 2003).

In a typical patent case, whether an accused device satisfies the requirements of a claim is a question of fact. *Ethicon Endo-Surgery, Inc. v. United States Surgical Corp.*, 149 F.3d 1309, 1315 (Fed. Cir. 1998). However, when there is no genuine issue as to the structure or composition of the accused device, the question of infringement becomes a question of law for the Court to decide. *Athletic Alternatives, Inc. v. Prince Mfg., Inc.*, 73 F.3d 1573, 1578 (Fed. Cir. 1996). Defendant asserts that this is such a case, and the Court agrees.

### D. Failure to Present Evidence of Infringement by Platinum Machine

Defendant first argues that it is entitled to summary judgment because plaintiff has failed to provide any expert report alleging infringement by the Platinum machine. (Dkt. #419 at 7-8). This argument is without merit. As plaintiff notes, an expert report merely provides assistance to the trier of fact in examining the features and operation of the accused product. (Dkt. #442 at 18). It does not create the facts underlying the expert opinions. Moreover, plaintiff has provided defendant with a supplemental expert report that specifically addresses the Platinum, and the Court has declined to strike that report at this time. (Dkt. #453). Accordingly, the Court agrees with plaintiff that the evidence presented is the Platinum machine itself, including the structure of the device, and the way the machine operates. An expert report is not necessary

1  to introduce such evidence.  Therefore, defendant is not entitled to summary judgment simply
2  based on this issue.

### E. Arguments Regarding Literal and Equivalent Infringement

Defendant next argues that this Court's Order on claim construction compels a conclusion of noninfringement of the Platinum, primarily because the machine has only one resilient rod that does not have one end in a fixed position, as required by the '057 patent. Defendant also asserts that the Platinum machine does not infringe the '704 patent because it does not have a rod that extends vertically up.

As an alternative, independent argument, defendant asserts that the Platinum does not infringe either the '057 or '704 patent, because all of the claims require that the rod in question be mounted "in cantilevered fashion," and the single rod of the Platinum machine is not mounted as such.  (Dkt. #419 at 18).  Plaintiff disagrees, and asserts that the rod is mounted in cantilevered fashion.  (Dkt. #442 at 10).

Plaintiff also concedes that the Platinum machine does not literally infringe the terms "fixed position" and " free" in claim 1 of the '057 patent and the term "vertically up" in claim 12 of the '704 patent.  Instead, plaintiff sets forth several arguments on infringement under the doctrine of equivalents.  (*See* Dkt. #442 at 1-3).

Accordingly, this Court will first address the parties' equivalence arguments, and then address the literal infringement argument.

#### 1.  Equivalency

Defendant asserts that the Platinum does not infringe claim 1 of the '057 patent under the doctrine of equivalents because of the U.S. Supreme Court's pronouncements on the doctrine of vitiation.  (Dkt. #419 at 12).  Specifically, defendant notes that under the doctrine of vitiation, the doctrine of equivalents cannot be used to argue infringement if application of the doctrine of equivalents would effectively read a claim limitation out of a claim or render it

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
PAGE - 7

meaningless.  Claim 1of the '057 patent requires "a resilient rod mounted on the base in cantilevered fashion with *one end of the rod being secured in a fixed position and the other end being free*."  (Dkt. #420, Ex. G, col. 7 at lns. 5-6) (emphasis added).  Defendant asserts that any attempt to use the doctrine of equivalents to read claim 1 of the '057 patent on the Platinum would render the terms "fixed position" and "free" meaningless, effectively reading them out of the claim altogether.  (Dkt. #419 at 12-16).

Although it is not entirely clear from the briefing, plaintiff seems to respond that defendant's interpretation of the claim is too narrow, and "the motion of the end of the rod, relative to the base, is sufficiently restricted so as to meet the 'secured in a fixed position' claim limitation."  (Dkt. #442 at 8).  Specifically, plaintiff argues that the Platinum product performs substantially the same function, in substantially the same way, to achieve substantially the same result.  *See, e.g., Unidynamics Corp. v. Automatic Prod. Int'l, Ltd.*, 157 F.3d 1311, 1322 (Fed. Cir. 1998).

Vitiation is a question of law for the Court.  If the Court finds that a theory of equivalents would vitiate a claim limitation, that completely precludes an assertion of infringement under the doctrine of equivalents, regardless of arguments that two functions are equivalent as a factual matter.  *Tronzo v. Biomet, Inc.*, 156 F.3d 1154, 1160 (Fed. Cir. 1998) (explaining that "[i]f a theory of equivalence would vitiate a claim limitation, . . . then there can be no infringement under the doctrine of equivalents as a matter of law.").

In the instant case, the Court agrees with defendant that the two ends of the Platinum rod are structurally and functionally identical – that is, they are either both fixed or both free – whereas the patent claims requires a rod that has one end in a fixed position and one end being free. (*See* Dkt. #449 at 6-7).  Consequently, plaintiff's argument that one end of the Platinum rod is free to move about so that the rod bends in a bow like fashion, and that the two ends of the Platinum rod are mounted in a manner that is equivalent to remaining in place, effectively

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
PAGE - 8

eliminates any distinction between the two ends of the rod.

Although plaintiff attempts to demonstrate through expert testimony that having an end that is free performs substantially the same function as having an end that remains in place, and achieves substantially the same result as having an end that remains in place, the doctrine of vitiation applies regardless of that testimony. *Searfoss v. Pioneer Consolidated Corp.*, 374 F.3d 1142, 1150-51 (Fed. Cir. 2004) (holding that the patentee's theory of equivalence would vitiate the "connecting" limitation, despite the patentee's use of the function-way-result test to demonstrate "equivalence"); *Moore U.S.A., Inc. v. Standard Register Co.*, 229 F.3d 1091, 1105-06 (Fed. Cir. 2000) (holding that the patentee's theory of equivalence would vitiate the "majority" limitation, despite the patentee's use of the function-way-result test to demonstrate "equivalence"); *Tronzo*, *supra* (explaining that "[w]hether an element of the accused device is equivalent to a claim limitation depends on 'whether the substitute element matches the function, way, and result of the claimed element. . . .' If a theory of equivalence would vitiate a claim limitation, however, then there can be no infringement under the doctrine of equivalents as a matter of law.") (citation omitted).

Plaintiff's expert testimony does not change the fact that moving is the opposite of remaining in a fixed position, nor does it change the fact that claim 1 of the '057 patent requires that the end of the rods be structurally and functionally distinct. Accordingly, the Court agrees that under the doctrine of vitiation, plaintiff may not assert an equivalency argument with regard to the claim 1 limitation in the '057 patent.

Similarly, the Court agrees with defendant that vitiation prevents an equivalency argument with regard to claim 12 of the '704 patent. In order to prevail on a claim of infringement under the doctrine of equivalents, plaintiff would have to prove that the requirement in the claim that an end of the rod extend "vertically up" is equivalent to a rod that extends horizontally. If the Court so held, then that would mean "vertically up" covers every

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
PAGE - 9

1  possible orientation of a rod, and the term would become meaningless.

2  Plaintiff, in a footnote, argues only that it has presented evidence that the Platinum
3  machine includes a structure that meets the "vertically up" limitation. (Dkt. #442 at 13 n. 4).
4  That "evidence" is presented in the form of expert testimony that the Platinum rod performs
5  substantially the same function, in substantially the same way, to achieve substantially the same
6  result. However, as discussed above, the doctrine of vitiation applies regardless of that
7  testimony, because applying a broad definition of "vertically up" to include horizontal rods
8  would vitiate the limitation. Thus, the Court finds that under the doctrine of vitiation, plaintiff
9  may not assert an equivalency argument with regard to the claim 12 limitation in the '704 patent.

10  2. Literal Infringement

11  Although the Court finds that summary judgment should be granted based on the
12  analysis set forth above, the Court also notes that defendant's independent argument that all of
13  the claims in this litigation require that the rods in question be mounted "in cantilevered
14  fashion," and the Platinum has no such rod, fails as a matter of law.

15  This Court has construed the term "cantilevered fashion" to include "both a beam
16  supported only at one end and a beam which projects on both sides beyond its support, and
17  therefore 'cantilevered fashion' necessarily includes both types of cantilevers." (Dkt. #395 at
18  22). The Court explained that the term "does not preclude a cantilevered structure with two
19  free ends," and that "the rod is mounted in a way that allows it to operate in the manner of a
20  cantilever, 'like or similar to a cantilever.'" (Dkt. #395 at 22-23).

21  Defendant relies on select phrases of definitions of the word cantilever to support its
22  argument that the Platinum rod is not mounted in cantilevered fashion. For example, defendant
23  argues that a cantilever requires a fulcrum, and the rod does not have a fulcrum, therefore, the
24  rod does not meet the cantilever claim limitation. (Dkt. #419 at 23). Defendant then argues that
25  expanding the term definition would vitiate the claim. (Dkt. #419 at 24).

26

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
PAGE - 10

However, defendant ignores the broad definition of the term applied by this Court. This Court has adopted the construction that the term "mounted in cantilevered fashion" means that "the rod is mounted in a way that allows it to operate in the manner of a cantilever, *'like or similar to a cantilever.'*" (Dkt. #395 at 22-23) (emphasis added). The resilient rod on the Platinum machine is mounted in such a manner. As seen in the photos of the Platinum presented by defendant, and by demonstration of the machine during oral arguments, the rod is mounted so that it supports the load when one or both of the cables are pulled during exercise. (*See* Dkt. #419 at 4-6). The McGraw-Hill Encyclopedia of Science and Technology defines a cantilever, in part, as a beam that "supports a load along its length or at its free end." (*See* Dkt. #95 at 22). The Court included that definition in construing the claim. Accordingly, the Court agrees with plaintiff that the rod meets the claim requirement of a resilient rod mounted on the base in cantilevered fashion.

### F. Genuine Issue of Material Fact

Finally, plaintiff asserts that even if defendant's positions are correct, summary judgment is not appropriate because there is a genuine issue of material fact as to whether Platinum's rod is "secured in a fixed position" and whether it has a "free" end. (Dkt. #442 at 20-21). The Court finds this argument without merit. As discussed above, even where plaintiff demonstrates through expert testimony that a claimed device performs substantially the same function, and achieves substantially the same result as the structure in question, the doctrine of vitiation applies regardless of that testimony. Accordingly, summary judgment is appropriate as set forth above.

### III. CONCLUSION

Defendant's Motion for Summary Judgment (Dkt. #419) is GRANTED, and the Court finds that the Platinum does not infringe on claim1 of the '057 patent and claim 12 of the '704

patent as a matter of law.

The Clerk shall forward a copy of this Memorandum Order to all counsel of record.

DATED this _10_ day of May, 2005.

*[signature]*

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
PAGE - 12