UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THE NAUTILUS GROUP, INC.,

Plaintiff,

v.

ICON HEALTH & FITNESS, INC.,

Defendant.

CASE NO.  C02-2420RSM

MEMORANDUM ORDER
GRANTING SUMMARY
JUDGMENT

## I.  INTRODUCTION

This matter comes before the Court on defendant's Motion for Summary Judgment asking that the Court dismiss plaintiff's federal and state trademark dilution claims.  (Dkt. #575). Specifically, defendant argues that, as a matter of law, its CrossBow mark is not identical or nearly identical to plaintiff's Bowflex trademark, and therefore plaintiff cannot establish dilution. Defendant also argues that plaintiff's federal dilution claim must fail because plaintiff has not shown actual dilution.  Finally, defendant argues that plaintiff's state law dilution claim must be dismissed because its mark is federally registered which acts as a complete bar to a state dilution claim.

Plaintiff responds that defendant's motion should be denied because defendant has actually used plaintiff's trademark, so dilution is presumed, and that, in any event, defendant's

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
PAGE - 1

trademark is essentially identical to its trademark.  (Dkt. #589).  Plaintiff further argues that there is a genuine issue of material fact as to whether the CrossBow mark diluted the Bowflex mark.  Finally, plaintiff argues that the Court should not dismiss its state dilution claim because defendant was able to register its mark only after filing a statement of use with the United States Patent and Trademark Office ("USPTO") that it would not seek to use the mark until this litigation had been resolved.

For the reasons set forth below, the Court disagrees in part with plaintiff and GRANTS defendant's motion for summary judgment.

## II.  DISCUSSION

### A.  Background

The instant lawsuit has been pending in this Court since December of 2002.  The original Complaint, filed under Case No. C02-2420P and having since been assigned to the undersigned District Judge, alleged claims for infringement of the patents for the BowFlex™ exercise machine.  The BowFlex machine employs cables attached to one end of a flexible rod or rods as a resistence mechanism, self-contained in a compact home exercise machine.  In October of 2002, defendant introduced the CrossBow™ (now CrossBar™) exercise machine.  The machine uses a similar cable and flexible rod system of resistence.  After extensive litigation in this Court and the Federal Circuit Court of Appeals, the patent infringement claims involving these machines have been resolved.

However, remaining before this Court are allegations of trademark infringement.  On April 4, 2003, plaintiff amended its Complaint to add claims for statutory trademark infringement under 15 U.S.C. § 1114, false designation of origin under 15 U.S.C. § 1125(a), federal and state trademark dilution under 15 U.S.C. § 1125(c) and RCW 19.77.160, violations of the Washington Consumer Protection Act, and Washington State common law unfair competition.  Plaintiff then filed a motion for preliminary injunction, which this Court granted,

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
PAGE - 2

1    and the Federal Circuit Court of Appeals subsequently affirmed.  This Court later bifurcated the

2    patent and trademark claims and stayed discovery and all other remaining pre-trial deadlines

3    with respect to the trademark claims, in order to first resolve the patent claims.

4            On January 3, 2006, at the request of the parties, the Court lifted its stay on plaintiff's

5    trademark claims and set new discovery and pre-trial deadlines and a new trial date.  Motions for

6    summary judgment followed.  The parties then made several requests that the Court hold any

7    decisions on the pending motions for summary judgment in abeyance while the parties attempted

8    to settle this case.  The last abeyance expired November 30, 2006, and the motions for summary

9    judgment were noted for consideration on December 1, 2006.  Accordingly, this Court now

10   issues the following Order.[1]

11           **B.  Summary Judgment Standard**

12           Summary judgment is proper where "the pleadings, depositions, answers to

13   interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

14   genuine issue as to any material fact and that the moving party is entitled to judgment as a

15   matter of law."  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247

16   (1986).   The Court must draw all reasonable inferences in favor of the non-moving party.  *See*

17   *F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds*,

18   512 U.S. 79 (1994).  The moving party has the burden of demonstrating the absence of a

19   genuine issue of material fact for trial.  *See Anderson*, 477 U.S. at 257.  Mere disagreement, or

20   the bald assertion that a genuine issue of material fact exists, no longer precludes the use of

21   summary judgment.  *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics,*

22   *Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

23           Genuine factual issues are those for which the evidence is such that "a reasonable jury

24

25           [1] The Court will consider defendant's Motion for Summary Judgment pertaining to the doctrine of

26   unclean hands (Dkt. #571) in a separate Order.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
PAGE - 3

could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248.  Material facts are those which might affect the outcome of the suit under governing law.  *See id.*  In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial."  *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F.2d at 747).  Furthermore, conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment.  *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 60 F. 3d 337, 345 (9th Cir. 1995).  Similarly, hearsay evidence may not be considered in deciding whether material facts are at issue in summary judgment motions.  *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 345 (9th Cir. 1995); *Blair Foods, Inc. v. Ranchers Cotton Oil,* 610 F. 2d 665, 667 (9th Cir. 1980).

### C.  Federal Trademark Dilution

In the instant case, plaintiff alleges, *inter alia*, trademark dilution under the Federal Trademark Dilution Act ("FTDA"), 15 U.S.C. § 1125(c)(1).  The FTDA provides as follows:

> The owner of a famous mark shall be entitled, subject to the principles of equity and upon such terms as the court deems reasonable, to an injunction against another person's commercial use in commerce of a mark or trade name, if such use begins after the mark has become famous and causes dilution of the distinctive quality of the mark, and to obtain such other relief as is provided in this subsection.

15 U.S.C. § 1125(c)(1).  The statute defines "dilution" as "the lessening of the capacity of a famous mark to identify and distinguish goods or services, regardless of the presence or absence of  (1) competition between the owner of the famous mark and other parties; or (2) likelihood of confusion, mistake, or deception."  15 U.S.C. § 1127; *see Academy of Motion Picture Arts & Sciences v. Creative House Promotions, Inc.*, 944 F.2d 1446, 1457 (9th Cir. 1991) (describing dilution as "the gradual 'whittling away' of a trademark's value" (citation omitted)).

Traditionally, courts have recognized two forms of dilution: blurring and tarnishment. "Blurring occurs when another's use of a mark creates 'the possibility that the mark will lose its

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
PAGE - 4

ability to serve as a unique identifier of the plaintiff's product.'  Tarnishment, on the other hand, occurs 'when a famous mark is improperly associated with an inferior or offensive product or service.'"  *Playboy Enters. v. Welles*, 279 F.3d 796, 805 (9th Cir. 2002) (citations omitted).  In the instant case, plaintiff alleges both forms of dilution.

Under the FTDA, a plaintiff asserting a dilution claim must prove the following: (1) the marks are identical or nearly identical; (2) plaintiff's mark is famous and distinctive; (3) defendant is making commercial use of the mark; (4) defendant's use began after the plaintiff's mark became famous; and (5) defendant's use presents a likelihood of dilution of distinctiveness.  *Thane Int'l, Inc. v. Trek Bicycle Corp.*, 305 F.3d 894, 905-12 (9th Cir. 2002).  Defendant focuses its arguments on the first and fifth elements.  Thus, the Court addresses each of these arguments in turn.

*1. Identity of the Marks*

The Ninth Circuit Court of Appeals has adopted the Eighth Circuit's expression of the requirement that marks be identical or nearly identical.  "For marks to be nearly identical to one another, they must be similar enough that a significant segment of the target group of customers sees the two marks as essentially the same."  *Thane Int'l*, 305 F.3d at 906 (citations and internal quotations omitted).  The Court of Appeals explained that this is a less stringent test than those employed in the Second and Fourth Circuits, and noted that the Ninth Circuit test "incorporates consideration of the likely perception of consumers as to whether the marks are 'essentially the same,' and therefore may accommodate circumstances in which the senior mark is so highly distinctive that consumers are likely to view a junior mark that is a bit different as 'essentially the same' as the senior one."  *Id.* at 906-07 and n. 7.

Applying this standard, the Court concludes that the issue of identity cannot be determined on summary judgment.  Although the marks CrossBow and Bowflex are not identical, a reasonable fact finder could find that CrossBow is using a mark nearly identical to

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
PAGE - 5

plaintiff's mark.  While the word "bow" is located at different places in the trademarks and the marks are differently stylized, they look and sound somewhat the same given that both words include "bow."  Furthermore, as plaintiff notes, the marks are close in meaning because both marks call to mind a device having a curved resilient bow held in tension by a drawstring which is opposed by resistance created in the bow.  Indeed, both parties have submitted expert reports on the topic of sight, sound and meaning of the two marks.  Plaintiff's expert opines about the similarity between the words and that there is a high level of consumer confusion.  Thus, a reasonable trier of fact could determine that defendant "used" the Bowflex mark by incorporating the same word "bow" into its own mark, "and that a significant segment of the consuming public would likely focus on that element as an identifier essentially the same" as the Bowflex mark.  *Thane Int'l*, 305 F.3d at 907.   At the same time, a reasonable fact finder could also find that the CrossBow mark is not essentially the same as the Bowflex mark.  For example, the mark CrossBow is printed with cross-hairs in the letter "o" of the word Cross while the mark Bowflex appears in simple, printed capital letters.  In addition, the word "bow" appears at different places in the mark.  Defendant's expert has also opined that these marks do not have similar sight, sound and meaning.  Accordingly, the Court finds that a genuine issue of material fact exists as to the identity element of the claim, and, therefore, summary judgment is not appropriate on this basis.

### 2. *Actual Dilution*

Defendant next argues that plaintiff's claim must fail because it cannot demonstrate actual dilution.  On this basis, the Court agrees with defendant.  In *Mosely v. V Secret Catalog*, 537 U.S. 418 (2003), the United States Supreme Court held for the first time that the text of the FTDA "unambiguously requires a showing of actual dilution, rather than a likelihood of dilution."  *Mosely*, 418 U.S. at 433.  The court explained:

> that does not mean that the consequences of dilution, such as an actual loss
> of sales or profits, must also be proved. . . . [H]owever . . ., at least where the

1
2
3
4

> marks at issue are not identical, the mere fact that consumers mentally associate the junior user's mark with a famous mark is not sufficient to establish actionable dilution. . . . [S]uch mental association will not necessarily reduce the capacity of the famous mark to identify the goods of its owner, the statutory requirement for dilution under the FTDA. . . . 'Blurring' is not a necessary consequence of mental association.  (Nor, for that matter, is 'tarnishing.')

5

*Id.* (citation omitted) (parenthetical in original).  In the instant case, there is a complete absence

6

of any evidence that defendant's CrossBow mark has lessened the capacity of the Bowflex mark

7

to identify and distinguish its products.  Plaintiff produces no consumer surveys supporting its

8

actual dilution claim, and otherwise relies on specious arguments.

9

First, plaintiff asserts that there is a question of fact as to whether the marks at issue are

10

identical.  However, this is not a case where defendant has used plaintiff's Bowflex mark to

11

market a product such as shoes or beverages rather than the product with which it is actually

12

associated, an exercise machine.  Indeed, as discussed above, this Court has already determined

13

that the marks are not identical.[2]  Thus, plaintiff cannot defeat summary judgment on its

14

unsupported assertion that the marks are questionably identical.

15

Second, plaintiff has failed to evidence that defendant actually used the Bowflex

16

trademark.  Plaintiff points to the fact that defendant used the Bowflex mark to advertise its

17

CrossBow products both through the purchase of internet keywords and by telling its customers

18

that it was BowFlex.  The Court rejects both of these arguments.  It is clear from defendant's

19

evidence that it purchased the keyword Bowflex only in the context of comparative advertising.

20

Defendant's witness Amy Guymon, the person in charge of purchasing keywords, identified the

21

single term in which it used the word Bowflex – "Bowflex information" – and testified that the

22

term was purchased so that defendant could appear as a "sponsored link" on the search results

23

page of a search engine.  The title of that sponsor link was "Compare CrossBow to Bowflex."

24

25
26

[2] Rather, the Court finds that there is a question of fact as to whether the marks are "nearly identical."

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
PAGE - 7

The description that followed the title asked users to compare the two machines, and summarized what the CrossBow machine had to offer. The URL was listed as www.crossbow.com. It is well-settled in the Ninth Circuit that such use of a trademark is excepted from the reach of the statute. *Playboy Enters.*, 279 F.3d at 806 (explaining that such uses do not create an improper association between a mark and a new product, but merely identify the trademark holder's products).[3]

Further, plaintiff has not demonstrated that defendant represented to customers that it was Bowflex. Plaintiff relies on three phone calls during which defendant was attempting to collect payment for the customer's previous purchase of the CrossBow machine. In one conversation the customer told defendant's representative that she thought she had been paying Nautilus, and the representative informed her that Nautilus made Bowflex, and that she had actually been paying defendant all along. In another phone call the customer said he didn't order a CrossBow machine, but when defendant's representative stated that it was like a Bowflex, he remembered that he had purchased such a machine. The third phone call references an alleged comment made by someone named Andrei from the National Account Recovery Service ("NARS"), not defendant. The Court finds that none of these phone calls demonstrate the actual use of the Bowflex mark by defendant.

Finally, plaintiff asserts that the phone calls "readily establish" that many people purchased the CrossBow believing it was a model of the Bowflex, and therefore a genuine issue of material fact has been raised with respect to actual dilution. The Court finds this argument misguided. As noted above, the Supreme Court has already determined that the mere fact that consumers mentally associate the junior user's mark with the famous mark is not sufficient to establish dilution." *Mosely*, 537 U.S. at 433. Thus, plaintiff's consumer confusion argument

---

[3] Plaintiff's Yahoo documents showing additional Bowflex keywords are inadmissible because they have not been properly authenticated, and therefore cannot be used to defeat summary judgment. *Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002).

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
PAGE - 8

1    cannot defeat summary judgment.

2        For all of these reasons, the Court finds that plaintiff has failed to demonstrate actual

3    dilution, and dismisses plaintiff's federal dilution claim on that basis.

4        **D. State Trademark Dilution**

5        Defendant next asks the Court to dismiss plaintiff's state dilution claim on the basis that

6    it is barred by the fact that defendant registered the mark CrossBow on the federal trademark

7    register.  The FTDA provides that "ownership by a person of a valid registration . . . on the

8    principal register shall be a complete bar to an action against that person, with respect to that

9    mark, that is brought by another person under the common law or a statute of a State and that

10   seeks to prevent dilution of the distinctiveness of a mark, label or advertisement."  15 U.S.C.

11   § 1125(c)(3).  Defendant argues that nothing in the language of the statue prevents it from

12   taking advantage of this protection, even though it acknowledges that it did not register its

13   trademark until after this law suit had been initiated.  Plaintiff argues that defendant's reading

14   and interpretation of the statute is too narrow, and defendant's eleventh hour registration of its

15   mark should not bar the state dilution claim.  This appears to be a question of first impression in

16   the Ninth Circuit.

17       The Court agrees with defendant that the plain language of the statute does not restrict

18   when a trademark owner must seek federal registration in order to avail itself of the protection.

19   Further, the Court agrees with defendant that no exception exists in the plain language of the

20   statute for cases such as this one, where a preliminary injunction has been issued or where the

21   trademark applicant has stated that it will not use the mark until after resolution of the litigation.

22   However, this Court need not definitively resolve the issue because plaintiff's state dilution claim

23   fails for another reason.  The Washington dilution statute is identical to the federal statute.  *See*

24   RCW 19.77.160(1) and 19.77.010(6) (defining dilution).  Thus, because the Court has already

25   determined that plaintiff cannot demonstrate actual dilution, plaintiff's state dilution claim must

26

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
PAGE - 9

also fail.  Accordingly, the Court finds summary judgment in favor of defendant appropriate.

### III.  CONCLUSION

For the reasons set forth above, the Court hereby ORDERS:

(1)  Defendant's Motion for Summary Judgment (Dkt. #575) is GRANTED, and the Court hereby DISMISSES plaintiff's federal and state trademark dilution claims.

(2)  Plaintiff's remaining claims will be addressed in this Court's Order on defendant's pending motion for summary judgment regarding the doctrine of unclean hands.

(3)  The Clerk shall forward a copy of this Memorandum Order to all counsel of record.

DATED this 21st day of December, 2006.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE